IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| COMMONWEALTH OF VIRGINIA, ) <br> ) <br> Appellee, ) <br> ) <br> v. ) <br> ) <br> TASHA LIZST CACCIOTTI, ) <br> ) <br> Appellant. ) | Criminal Case No. 1:20-cr-00041 (RDA) |

## ORDER

This matter comes before the Court on Appellant Tasha Lizst Caccotti's ("Appellant") Notice of Appeal (Dkt. 1), in which Appellant appeals the October 16, 2019 Order of Magistrate Judge Michael S. Nachmanoff ("Magistrate Judge's Order") that ordered that this matter be remanded to the Fairfax County General District Court. Dkt. 1-1, 9-16. Considering the Magistrate Judge's Order, the record on appeal (Dkt. 1-1), Appellant's Brief for Appeal ("Appellant's Brief") (Dkt. 7), Appellant's declaration (Dkt. 7-1), Appellee the Commonwealth of Virginia's ("Appellee") Brief in Opposition to Appellant's Petition for Appeal ("Brief in Opposition") (Dkt. 8), and Appellant's Reply Brief for Appeal ("Reply Brief") (Dkt. 10), and for the reasons that follow, it is hereby ORDERED that the Magistrate Judge's Order is AFFIRMED; and

IT IS FURTHER ORDERED that this case be remanded to the Fairfax County General District Court, consistent with the Magistrate Judge's Order.

## I. BACKGROUND

### A. Factual Background

Appellant is a Sergeant in the United States Army Reserves, and she serves as a nurse in the Inpatient Behavioral Health Department of the Defense Health Agency at the Walter Reed National Military Medical Center ("Walter Reed"). Dkt. 7-1, ¶¶ 2-4. On July 16, 2019, Sergeant Richard Glaze, the Noncommissioned Officer in Charge ("Sgt. Glaze"), called Appellant for help with a patient at Walter Reed who was having a hyper manic and hyper sexual episode. *Id.* at ¶¶ 7. According to Sgt. Glaze, that patient was endangering herself and others, destroying hospital facilities, and did not respond to medication or other staff members' efforts to assist her. *Id.* at ¶¶ 7-8. Sgt. Glaze believed that Appellant had received specialized and intensive training and had developed a personal relationship with this patient that might prove useful under the circumstances. *Id.* at ¶¶ 6, 9.

Despite not remembering whether Sgt. Glaze had in fact told Appellant to report to Walter Reed "quicklier," a term Appellant has indicated that she and others use to describe the "utmost speed," Appellant perceived "in [her] mind," that the call was an order "that required [her] to get to work to defuse a dangerous situation . . . ." *Id.* at ¶ 10. "In [her] desire to comply with the order," Appellant has pleaded that she "dove as fast as [she] could to get to Walter Reed[.]" *Id.* at ¶ 13. When a Fairfax County police officer stopped Appellant at 6:26 a.m., Appellant was driving at 100 miles per hour – 35 miles per hour above the speed limit. Dkt. 1-1, 6. Appellant was charged with the crime of reckless driving in violation of Virginia Code § 45.2-862. *Id.*

### B. Procedural Background

On August 15, 2019, Appellant filed a Notice of Removal under 28 U.S.C. § 1442a to remove this case to this Court from the Fairfax County General District Court, the state court where

2

the matter was then pending. Dkt. 1-1.  On September 6, 2019, Appellee filed an objection to the removal, arguing that 28 U.S.C. § 1442a was inapplicable to the case at bar. *Id.* On October 16, 2019, Magistrate Judge Michael S. Nachmanoff denied the removal because "neither defendant's position nor the facts surrounding her conduct support[ed] a federal immunity defense based on exigency, as required by the Fourth Circuit," and remanded the case to the Fairfax County General District Court. *Id.* On October 23, 2019, Appellant appealed the Magistrate Judge's Order. Dkt. 1.

On May 7, 2020, Appellant filed her brief in support of her appeal, Dkt. 7, and on May 21, 2020, Appellee filed its Brief in Opposition, Dkt. 8. Then, on May 25, 2020, Appellant filed her Reply Brief. Dkt. 10. This matter is now fully-briefed and ripe for disposition. Consistent with Local Criminal Rule 47(J), this Court dispenses with oral hearing as it would not aid in the decisional process and "rule[s] upon [the] motion[ ] without an oral hearing."

## II.  STANDARD OF REVIEW

Federal Rule of Criminal Procedure 58 applies to "petty offense and other misdemeanor cases on appeal to a district judge in a case tried by a magistrate judge." Rule 58 also contemplates interlocutory appeals of a magistrate judge's order to a district judge as the rule sets forth that "[e]ither party may appeal an order of a magistrate judge to a district judge within 14 days of its entry if a district judge's order could similarly be appealed." Fed. R. Crim. P. 58(g)(2)(A). In such an instance, "[t]he defendant is not entitled to a trial de novo by a district judge. The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(D).

When a trial court's order is appealed to a court of appeals, the court of appeals reviews "[f]indings of fact" for "clear error, and issues of law . . . are reviewed de novo." *United States v.*

3

*Bursey*, 416 F.3d 301, 306 (4th Cir. 2005). Accordingly, this Court will review the issues raised on appeal that concern findings of fact for clear error and those issues that implicate issues of law de novo.

### III. ANALYSIS

Appellant raises five arguments on appeal. First, Appellant contends that the Magistrate Judge improperly relied on *Mesa v. California*, because that case discussed 28 U.S.C. § 1442(a) and not 28 U.S.C. § 1442a, the statute applicable to the case at bar. Dkt. 7, 5-6. Second, Appellant argues that in light of *Mesa*, *North Carolina v. Ivory*, 906 F.2d 999 (4th Cir. 1990), and other Supreme Court and Fourth Circuit precedent, the Magistrate Judge erred because removal is proper as Appellant is asserting a federal defense. Dkt. 7, 6-10 (citing *Mesa v. California*, 489 U.S. 121 (1989); *Willingham v. Morgan*, 395 U.S. 402 (1969); *Gay v. Ruff*, 292 U.S. 25, 33 (1934); *Tennessee v. Davis*, 100 U.S. 257 (1879); *Osborn v. Bank of the U.S.*, 22 U.S. 738, 865 (1824); *North Carolina v. Cisneros*, 947 F.2d 1135 (4th Cir. 1991)). Third, Appellant urges that the Magistrate Judge in reaching his decision failed to appreciate the exigency of the circumstances attendant with Appellant's duties as a nurse both generally and specific to the indecent in question. Dkt. 7, 10-12. Fourth, Appellant maintains that the Magistrate Judge also erred in failing to provide Appellant with an evidentiary hearing. Dkt. 7, 12-13. Fifth and finally, Appellant avers that her case should be dismissed at this juncture. Dkt. 7, 13-15.

### A. The Applicable Statute

Appellant argues that the Magistrate Judge erred in using 28 U.S.C. § 1442(a), rather than 28 U.S.C. § 1442a, to determine that this case should be remanded to the Fairfax County General District Court. Dkt. 7, 6.

28 U.S.C. § 1442(a) provides, *inter alia*, that:

> [a] civil action or criminal prosecution that is commenced in a State court and that is against or directed to [ ] the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending: [ ] The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a). Comparatively, 28 U.S.C. § 1442a provides that:

> [a] civil or criminal prosecution in a court of a State of the United States against a member of the armed forces of the United States on account of an act done under color of his office or status, or in respect to which he claims any right, title, or authority under a law of the United States respecting the armed forces thereof, or under the law of war, may at any time before the trial or final hearing thereof be removed for trial into the district court of the United States for the district where it is pending in the manner prescribed by law, and it shall thereupon be entered on the docket of the district court, which shall proceed as if the cause had been originally commenced therein and shall have full power to hear and determine the cause.

28 U.S.C. § 1442a.

Accordingly, it appears that under certain circumstances, § 1442(a)(1) allows for federal removal jurisdiction for prosecutions against federal officers, whereas § 1442a more specifically allows federal removal jurisdiction against members of the armed forces. *Compare* 28 U.S.C. § 1442(a), *with* 28 U.S.C. § 1442a.

In the case at hand, Appellant is a Sergeant in the United States Army Reserves. Dkt. 1-1, 3. In this capacity, she serves as a nurse in the behavioral health section of the Defense Health Agency at Walter Reed. *Id*. Thus, it appears that § 1442a is the applicable statute to govern whether removal is appropriate in this context. While Appellant argues that this is "significant," Dkt. 7, 16, Appellee argues that "[f]ederal courts have analyzed both removal statues largely interchangeably." Dkt. 8, 3 (citing *Puerto Rico v. Santos-Marrero*, 624 F. Supp. 308, 309 (D.P.R. 1985); *Georgia v. Westlake*, 929 F. Supp. 1516, 1519 (M.D. Ga. 1996)).

In *Georgia v. Westlake*, the United States District Court for the Middle District of Georgia recognized that "[w]hen called upon to interpret the scope of § 1442a (or its predecessors) courts have routinely referred to cases involving § 1442 (or its predecessors) for guidance." 929 F. Supp. 1516, 1519 (M.D. Ga. 1996) (citing *Florida v. Simanonok*, 850 F.2d 1429, 1430 (11th Cir.1988); *Puerto Rico v. Santos–Marrero*, 624 F. Supp. 308, 309 (D. P.R. 1985); *In re Marriage of Smith*, 549 F. Supp. 761, 765–66 (D. Ariz. 1982); *Ohio v. Dorko*, 247 F. Supp. 866, 867 (N.D. Ohio 1965); *Naas v. Mitchell*, 233 F. Supp. 414, 416 (D. Md.1964); James W. Moore & Brett A. Ringle, Moore's Federal Practice, ¶ 0.164.2, at 395 (2d ed. 1996)). That court concluded that "in light of this case law and the similarity of the two sections' language, . . . [courts] may properly look to the Supreme Court's interpretation of § 1442(a) in determining the proper scope of § 1442a." *Westlake*, 929 F. Supp. at 1519. This Court finds this precedent compelling, and in this context, finds that the Magistrate Judge's reference to § 1442(a) as opposed to § 1442a was not reversible error as the two statutes may be and have been analyzed interchangeably.

B.   Whether the Magistrate Judge Misapplied the Law

In this case, the Magistrate Judge concluded that "neither [Appellant's] position nor the facts surrounding her conduct support a federal immunity defense based on exigency, as required by the Fourth Circuit." Dkt. 1-1, 13.

When distilled to its essence, Appellant's primary argument on appeal is that the Magistrate Judge improperly reached this conclusion because Appellant is "[u]nquestionably[ ] [asserting] a federal defense" to the charge of Reckless Driving in violation of Virginia Code § 46.2-862. Dkt. 7, 8. In this regard, it is Appellant's position that removal is proper because she is asserting a defense under § 1442a, in that she was acting under "color of h[er] office or status," when she was allegedly found speeding in excess of 35 miles per hour above the speed limit. *Id.* at 11-12

6

(arguing that Appellant "was and is a Soldier. As a Soldier, she was given an order and she was duty bound to do all within her power to obey. Had she dilly dallied . . . she surely could expect some military discipline.").

      Conversely, Appellee argues that the Magistrate Judge did not err because Appellant's:

> duties as nurse simply do not encompass her driving to work. To find otherwise would allow every federal employee or member of the military stopped for a traffic infraction on the way to or from their place of employment to remove their cases to federal court. While [ ] [Appellant] alleges she understood [Sgt. Glaze] to mean that she should get to Walter Reed with the "utmost speed," there is no allegation that she was ordered to violate state traffic laws while doing so. Because [ ] [Appellant] does not allege facts which, if true, would establish a federal immunity defense, her petition fails to establish removal under 28 U.S.C. § 1442a.

Dkt. 8, 6-7 (internal citations omitted).

      In reaching its conclusion that this matter should be remanded to the Fairfax County General District Court, the Magistrate Judge primarily relied on the binding authority set forth in *Mesa v. California*, 489 U.S. 121, 136 (1989); *North Carolina v. Ivory*, 906 F.2d 999, 1002 (4th Cir. 1990); *North Carolina v. Cisneros*, 947 F.2d 1135 (4th Cir. 1991). Dkt. 1-1, 12-15. For the reasons that follow, this Court finds that the Magistrate Judge's reliance on such case law was appropriate, and that the Magistrate Judge did not error.

      In *Mesa v. California*, 489 U.S. 121 (1989), the Supreme Court issued a significant opinion analyzing § 1442(a). In *Mesa*, the State of California issued criminal complaints against two mail truck drivers employed by the United States Postal Service. *Id.* at 123. The State of California charged the first driver with misdemeanor manslaughter and "driving outside a laned roadway" after the driver's mail truck collided with and killed a bicyclist. *Id.* The second driver was charged with speeding and failure to yield after the driver's mail truck allegedly collided with a police car. *Id.* Both drivers sought removal to federal court. *Id.*

In *Mesa*, the Court discussed the circumstances under which a federal officer may remove her case from state court to federal court. *Id.* at 125. The Supreme Court indicated that § 1442(a) does not independently support Article III "arising under" jurisdiction, but "[r]ather, it is the raising of a federal question in the officer's removal petition that constitutes the federal law under which the action against the federal officer arises for Art. III purposes." *Id.* at 136. One's status as a federal officer does not automatically qualify as a basis for removal. *Id.* at 129. Rather, a federal officer must allege facts that, if true, would constitute a colorable immunity defense. *Id*. Accordingly, the Supreme Court held that under § 1442(a), removal "must be predicated upon averment of a federal defense." *Id*. at 139.

Recognizing *Mesa*, the Fourth Circuit has interpreted §1442(a) in *North Carolina v. Ivory*, 906 F.2d 999 (4th Cir. 1990) and in *North Carolina v. Cisneros*, 947 F.2d 1135 (4th Cir. 1991).

In *North Carolina v. Ivory*, a United States Marine who was driving a truck in a military convoy, made a left turn without stopping, struck a car, and killed the driver. 906 F.2d 999, 1000 (4th Cir. 1990). The Marine truck driver was subsequently charged under state law with the charge of unintentional death by motor vehicle and failure to yield the right of way in violation of North Carolina state law. *North Carolina v. Ivory*, 906 F.2d 999, 1000 (4th Cir. 1990). The Marine truck driver then removed the matter to the United States District Court for the Eastern District of North Carolina pursuant to 28 U.S.C. § 1442(a)(1). *Id*. When the case reached the Fourth Circuit on appeal, the court concluded that "the mere presence of a driver in a military convoy," does not "automatically give rise to a colorable claim of immunity from local traffic laws." *Id*. at 1003. Interestingly, the court gave the example of an instance where removal would be permissible, such as under a circumstance where the official was "'engaged in the performance of a public duty where speed and the right of way are a *necessity*.'" *Id*. (emphasis added) (quoting *Lilly v. West*

8

*Virginia*, 29 F.2d 61 (4th Cir. 1928) (holding that a federal officer is immune from prosecution for speeding while pursuing a fleeing felon)).

In *North Carolina v. Cisneros*, another United States Marine was also driving a truck in a military convoy when he failed to stop due to an alleged failing brake, changed lanes, at which point, his vehicle rolled over another car. 947 F.2d 1135, 1137 (4th Cir. 1991). The Marine was charged with the misdemeanor, North Carolina state law offenses of failing to reduce speed in order to avoid accident, entering an intersection while a stoplight was emitting a steady red light, and unintentional death by vehicle. *North Carolina v. Cisneros*, 947 F.2d 1135, 1138 (4th Cir. 1991). The defendant in *Cisneros* removed the matter from the North Carolina state court to the United States District Court for the Eastern District of North Carolina averring, *inter alia*, that "at the time of the accident, [he] was acting 'under color of [his federal] office' and 'within the scope of his federal employment[.]'" *Id*. Under these facts, the Fourth Circuit found "federal subject matter jurisdiction lacking" because the Marine defendant "'failed to present facts in the record taken as a whole that would support an immunity defense.'" *Id*. at 1140 (quoting *Ivory*, 906 F.2d at 1001, n.2).

Further, the Court in *Cisneros* interpreted one of the holdings of the *Ivory* court to mean that to establish removal jurisdiction under § 1442(a), "the [circumstances attendant to the violation of the relevant state law] *must* have resulted from an exigency or emergency related to his federal duties which *dictated* or *constrained* the way in which he was required to, or could carry out those duties." 904 F.2d at 1139 (emphasis added). The *Cisneros* court provided that examples of such an exigent circumstance include instances where federal officials "must capture a fleeing felon, or to execute a raid, or the necessity to use a known defective vehicle to complete emergency snow clearing." *Id*. The court explained that "the exigency required under *Ivory*'s test

9

is one which *inheres the very nature and object of the federal duty at issue*." *Id*. at 1140 (emphasis added).

> Applying the relevant case law to the instant matter, the Magistrate Judge opined:
>
> [h]ere, defendant's reckless driving charges stem from conduct not justified by her federal duties as a nurse. Unlike law enforcement, firefighters, or emergency paramedics, nursing in a military hospital is not a "public duty where speed and the right of way are a necessity." *Ivory*, 906 F.2d at 1002 (citing *Lilly*, 29 F.2d at 64)). Indeed, far from being inherent to "the very nature and object" of her nursing duties, driving comprises no part of such duties. See *Cisneros*, 947 F.2d at 1139. The fact that another sergeant "ordered her" to report to the facility quickly, Def. Pet. at 1, does not "federalize" defendant's perceived exigency. See *Cisneros*, 947 F.2d at 1140 (noting that defendant may have had a federal immunity defense if his superiors had ordered him to drive a truck known to have defective brakes because "vital federal interests" required it); *Montana v. Christopher,* 345 F. Supp. 60 (D. Mont. 1972) (federal officer ordered by superior to drive vehicle with known defective brakes on emergency snow-clearing mission entitled to immunity for ensuing traffic violation). Here, Sergeant Glaze did not order defendant to violate state traffic laws on her way to the facility, and the need to provide prompt care to a patient did not necessitate driving 35 miles per hour over the posted speed limit. As such, defendant has not alleged facts that, if true, would establish a federal immunity defense.

Dkt. 1-1, 15. This Court agrees. Driving at 35 miles per hour in excess of the speed limit indeed is not part of a nurse's duty. A nurse's duty is to help with the treatment and take care of the patients. Dkt. 7, 11. Even with the understanding that Appellant may have been directed to go to Walter Reed with the "utmost speed," Dkt. 7-1, ¶ 10, the "very nature and object of [her] federal duty," *Cisneros*, 947 F.2d at 1140, did not require that she drive in excess of 35 miles per hour over the speed limit in violation of state law, and at the peril of not only herself, but other unexpecting drivers on the road.

To endorse Appellant's argument would essentially require that federal officers, whenever they are in a rush to get to their place of employment under emergency circumstances, would be able to remove their case to federal court when they were cited for a traffic infraction. In other

words, the finding that Appellant asks this Court reach would stretch beyond the confines of § 1442a, as described by the Supreme Court and the Fourth Circuit.

Accordingly, this Court finds that the Magistrate Judge did not err.

### C. Whether Summary Remand Without an Evidentiary Hearing Was Appropriate

Appellant also argues that the Magistrate Judge erred in failing to provide her with an evidentiary hearing. Dkt. 7, 12. In support of her position, Appellant cites to 28 U.S.C. § 1455, which she cites as merely providing that "the Court '**shall order** an evidentiary hearing to be held promptly, and after such hearing, shall make such disposition of the prosecution as justice shall require . . . .'" Dkt. 7, 12-13 (emphasis included in Appellant's pleading) (citing 28 U.S.C. § 1455(b)(5)). However, Appellant omitted the prefatory language set forth in the plain language of the statute. 28 U.S.C. §§ 1455(b)(4) and (5) provide that:

> The United States district court in which such notice is filed shall examine the notice promptly. *If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand . . . . If the United States district court does not order the summary remand of such prosecution*, it shall order an evidentiary hearing to be held promptly and, after such hearing, shall make such disposition of the prosecution as justice shall require. If the United States district court determines that removal shall be permitted, it shall so notify the State court in which prosecution is pending, which shall proceed no further.

28 U.S.C. §§ 1455(b)(4), (5).

Here, the Magistrate Judge issued a thorough and well-analyzed opinion detailing why Appellant's case should be remanded to Fairfax County General District Court. Dkt. 1-1, 11-16. It was clear from the face of the Notice of Removal and the exhibits attached thereto that removal was not appropriate, so the Magistrate Judge appropriately ordered the remand of the case to the Fairfax County General District Court without an evidentiary hearing. Accordingly, the Court finds that the Magistrate Judge did not err.

11

    D.  Whether the Charges Against Appellant Should Be Dismissed at This Juncture

Since this Court affirms the judgment of the Magistrate Judge and finds the removal in this case is not properly "predicated upon [the] averment of a federal defense," *Mesa*, 489 U.S. at 139 (1989), justifying removal to federal court, this Court will not adjudicate the merits of the matter, but rather remand the case to the Fairfax County General District Court for further proceedings.

## V. CONCLUSION

Accordingly, for the foregoing reasons, it is hereby ORDERED that the Magistrate Judge's Order be AFFIRMED.

It is SO ORDERED.

Alexandria, Virginia
August 13, 2020

/s/
Rossie D. Alston, Jr.
United States District Judge

12